995 F.2d 1063
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Steven L. LOVELL, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA; William Sessions, in his capacity
as Director of the Federal Bureau of
Investigation, Defendants-Appellees.
 No. 92-1679.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 1, 1993
Decided: June 7, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Samuel G. Wilson, District Judge. (CA-89-16-B)
 Argued: Steven Lynn Lovell, McAfee, Bledsoe & Lovell, Norton, Virginia, for Appellant.
 Malcolm Lay Stewart, Civil Division, United States Department of Justice, Washington, D.C., for Appellees.
 On Brief: Stuart M. Gerson, Assistant Attorney General, Barbara L. Herwig, Civil Division, United States Department of Justice, Washington, D.C.; E. Montgomery Tucker, United States Attorney, Roanoke, Virginia, for Appellees.
 W.D.Mo.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Steven Lovell brought this action against the United States and William Sessions, in his capacity as the Director of the Federal Bureau of Investigation (Bureau), for employment discrimination under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 et seq. The action arose out of the Bureau's rejection of Lovell for employment in 1987 because of his medical history of epilepsy. Since that rejection, the Bureau's medical policy has changed so that he would likely benefit, but because he no longer seeks employment with the Bureau, his only remedy sought is back pay.
 
 
 2
 When Lovell was initially rejected for employment with the Bureau he was informed by a recruiting agent that the Bureau's medical requirements in regard to applicants with epileptic histories were under review and that he should keep in touch with the Bureau. Lovell remained in contact with the Bureau for some months, but became impatient with the repeated admonitions from the Bureau that the policy was under review. He enlisted the aid of organizations and congressmen to apply pressure on the Bureau to expedite a change in its medical policy. The Bureau once again reviewed Lovell's medical records and in November 1987, notwithstanding outside pressures, notified Lovell that it could no longer process his application, again because of his history of epilepsy.
 
 
 3
 Almost fourteen months later, in January of 1989, Lovell filed a complaint in the United States District Court for the Western District of Virginia claiming that the Bureau was in violation of the Rehabilitation Act of 1973. The Bureau filed a motion to dismiss this claim, alleging that Lovell had failed to exhaust his administrative remedies. Specifically, the Bureau claimed that Lovell had never consulted an Equal Employment Counselor within thirty days of the alleged discrimination, which is required under 29 C.F.R. 1613.214(a)(1)(i). The district court agreed with the Bureau and granted a summary judgment in its favor for Lovell's failure to exhaust his administrative remedies. Lovell filed a motion for rehearing with the district court on September 6, 1989. He also consulted with an E.E.O. counselor on September 19, 1989 and filed a formal complaint of discrimination with the E.E.O. on October 11, 1989.
 
 
 4
 No action was taken by the E.E.O. on Lovell's discrimination complaint within one hundred and eighty days, so Lovell filed a motion to amend his original pleading citing 29 C.F.R.s 1613.281(b) and claiming that he had exhausted his administrative remedies. The district court granted Lovell's motions for rehearing and to amend his pleading, and denied the Bureau's renewed motion to dismiss. The district court also ordered an evidentiary hearing to determine whether Lovell had in fact failed to file his E.E.O. complaint by the administrative deadline, or whether the thirty day time limit should be extended under 29 C.F.R. § 1613.214(a)(4). See 29 C.F.R. 1613.214(a)(1)(i).
 
 
 5
 In February of 1992, the district court conducted the evidentiary hearing wherein Lovell presented evidence that he was never aware of the thirty-day filing limit with an E.E.O. counselor for discrimination relief. The district court, however, found that Lovell was presumptively charged with the knowledge of the thirty-day time limit by at least January 1989, yet he had failed to file a timely complaint with the Bureau measured from that date. Accordingly, the district court dismissed Lovell's claim. This appeal followed.
 
 
 6
 After a review of the record and briefs, and upon oral argument, we affirm the judgment of the district court for the reasons stated in the district court's opinion, Lovell v. United States of America, Civil Action No. 89-0016-B (W.D. Va. April 30, 1992).
 
 AFFIRMED